# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL A. BROSEY, | : |
| Plaintiff | : |
| v. | : DOCKET NO: |
| | : |
| TREE SERVICE PROS, LLC d/b/a | : |
| TREE SERVICE PROS | : |
| | : Jury Trial Demanded |
| Defendant | : |

## COMPLAINT

Plaintiff, DANIEL A. BROSEY, by and through his undersigned attorneys, Peggy M. Morcom, Esquire, and Morcom Law, LLC, files this Complaint against Defendant, TREE SERVICE PROS, LLC d/b/a TREE SERVICE PROS ("Defendant") for failing to properly pay wages and benefits, including overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Pennsylvania's Minimum Wage Law ("PMWL"), 43 Pa.Stat.Ann. §§ 333.101, *et seq.*, and Pennsylvania's Wage Payment and Collection Law ("PWPCL"), 43 Pa.Stat.Ann. §§ 2601.1, *et seq.* Additionally, Plaintiff alleges that he was wrongfully terminated in retaliation for his complaints concerning improper wage payments. Plaintiffs allege as follows:

1

1. This case arises out of Defendant's failure to properly pay wages to Plaintiff, including overtime wages to which he was entitled for work performed as a laborer in the tree trimming business. Defendant failed to properly pay Plaintiff, paying straight time only, omitting or incorrectly calculating the overtime premium required by law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Additionally, this Court has jurisdiction over Plaintiff's State law claims pursuant to the doctrine of supplemental jurisdiction, as provided by 28 U.S.C. § 1367.

3. Venue is proper in United States District Court for the Middle District of Pennsylvania because Plaintiff resides in this District, Defendant conducts business in this District, and the events or omissions giving rise to the claims occurred in this District. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a resident of Lebanon County, Pennsylvania.

5. At all times relevant to this case, Plaintiff was an employee of Defendant, as defined by the FLSA, 29 U. S. C. § 203(e)(1) and (g), by the PMWA, 43 Pa.Stat.Ann. § 333.103, and the PWPCL, 43 Pa.Stat.Ann. § 260.2a, and worked for

Defendant as a crew leader in the tree trimming business in and around Central Pennsylvania.

6. Defendant, Tree Service Pros, LLC is a Pennsylvania benefit limited liability company with its principal business address at 18 E. Bethany Road, Newmanstown, Lebanon County, Pennsylvania 17073. Defendant is also known as Tree Service Pros. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the PMWA, 43 Pa.Stat.Ann. § 333.103, and the PWPCL, 43 Pa.Stat.Ann. § 260.2a.

7. Defendant commonly provides tree trimming services to residential and commercial customers.

8. Defendant operates in the Commonwealth of Pennsylvania. Upon information and belief, it employs approximately 10 employees in Pennsylvania.

9. Plaintiff, Daniel A. Brosey was hired by Defendant in July 2019, and he remained employed through December 11, 2020.

10. Defendant, by and through its owner, Lowell D. Hartzell ("Hartzell") agreed to pay Plaintiff $30.00 per hour.

11. Defendant, by and through Hartzell, agreed to pay Plaintiff overtime wages at one and a half times (1½) his regular rate of pay (overtime premium of $45.00) for all hours worked over 8 hours per day.

12. Plaintiff was entitled to be paid by Defendant as agreed by the parties.

13. Plaintiff was entitled to be paid one and a half times (1½) his regular rate (the overtime premium of $45.00) for all hours worked over 40 per week.

14. Plaintiff was entitled to payment of overtime premiums under the Pennsylvania Minimum Wage Act throughout the entire time period covered by this suit.

15. Plaintiff was entitled to payment of overtime premiums under the Fair Labor Standards Act since August 2019 through December 11, 2020. 29 CFR § 552.109(a).

16. Defendant paid Plaintiff his straight-hourly rate of $30.00 per hour for all hours worked from date of hire through termination.

17. Defendant failed to pay all overtime premiums due for the period August 2019 through December 11, 2020.

18. During the relevant time periods, Plaintiff worked over 40 hours per week without receipt of the required overtime premium.

19. During the relevant time periods, Plaintiff worked over 8 hours per day, without receipt of the agreed to overtime premium.

20. Defendant tracked the hours worked by Plaintiff by requiring him to use a time clock and then a computerized timekeeping system.

21. Defendant permitted Plaintiff to work more than 8 hours per day and more than 40 hours per week.

22. Defendant was aware that Plaintiff worked more than 8 hours per day and more than 40 hours per week because Plaintiff's hours were reported to Defendant reflecting the same.

23. At all relevant times, Defendant paid Plaintiff at his regular rate for all hours worked including those over 8 hours per day and 40 hours per week.

24. Defendant willfully operated under a common policy or scheme to deprive Plaintiff his proper overtime compensation by paying him only his regular rate for all hours worked, in contravention of the requirements of Federal and State law mandating payment of one and half (1½) times his regular rate of pay for all hours worked over 40 in a work week and the parties private agreement of one and one (1½) times his regular pay for all hours worked over 8 hours in a day.

25. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

26. Plaintiff has been harmed by Defendant's policies and practices and the loss of dually earned income he created, and he is entitled to lost wages, liquidated damages, interest, and reasonable attorney's fees and costs.

27. Defendants name alone is on Plaintiff's W-2 forms.

28. Plaintiff was paid every week on an hourly basis, for all time reported via time clock and computerized timekeeping system Defendant required him to complete and submit to Defendant, except the overtime earned.

29. Plaintiff's overtime wages were not appropriately paid during the period of time he was employed by Defendant.

30. During all relevant times, Plaintiff was only paid straight time for hours worked in excess of 8 hours per day and 40 hours per week.

## COUNT I

## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*

31. Plaintiff incorporates by reference paragraphs number 1- 30, as though fully set forth herein.

32. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s), (1).

33. Plaintiff was a non-exempt employee as that term is defined under the FLSA and its regulations.

34. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff no less than one and a half (1½) times his regular rate of pay for all hours worked in excess of 40 in a work week. 29 U.S.C. § 207.

35. Plaintiff regularly worked more than 40 hours per week for Defendant, but Defendant did not properly compensate him for all of his overtime hours as required by the FLSA.

36. Defendant did not and has not made a good faith effort to comply with the FLSA, as it relates to the compensation of Plaintiff.

37. Defendant knew Plaintiff worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff wages at the required overtime rate. *See* 29 U.S.C. § 255.

38. Defendant intentionally failed to pay Plaintiff all of the overtime pay required by the FLSA, 29 U.S.C. § 201, *et seq.*

39. Defendant's willful failure and refusal to pay Plaintiff overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

40. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid overtime wages for up to 3 years prior to the filing of his claim, liquidated damages or prejudgment interest, attorney's fees and costs and such other legal and equitable relief as the Court deems just and proper.

## COUNT II

## PENNSYLVANIA MINIMUM WAGE ACT, 43 Pa.Stat.Ann. §§ 333.101 *et seq.*

41. Plaintiff incorporates by reference the allegations asserted in paragraphs 1 through 40, as though fully set forth herein.

42. At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant has been an employer within the meaning of the PMWA, 43 Pa.Stat.Ann. § 333.103.

43. The overtime wage provision of the PMWA, 43 Pa.Stat.Ann. § 333.104(c) and its supporting regulations, 34 PA Code § 231.41 applied to Defendant's employment of Plaintiff.

44. Defendant failed to pay Plaintiff the overtime wages to which he was entitled under the PMWA, 43 Pa.Stat.Ann. § 333.104(c).

45. By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of 40 per week, it has willfully violated the PMWA and the supporting regulations.

46. Due to the Defendant's violations of the PMWA, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages. *See* 43Pa.Stat.Ann. § 333.113, §260.10.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 Pa.Stat.Ann. § 2601.1, *et seq.*

47. Plaintiffs incorporate by reference the allegations asserted in paragraphs 1 through 46, as though fully set forth herein.

48. Plaintiff earned overtime as part of his work for Defendant.

49. Defendant failed to pay Plaintiff overtime payments as wages earned in the succeeding pay period after they were earned, in violation of the Pennsylvania Wage Payment and Collection Law (PWPCL), which carries a statute of limitations of three (3) years. 43 Pa.Stat.Ann. §§ 260.3 (a), 260.5(a), 260.9a(g).

50. At times relevant to this action, Plaintiff was an employee of Defendant, and Defendant has been an employer within the meaning of the PWPCL and are therefore subject to the PWPCL, 43 Pa.Stat.Ann. § 260.2(a).

51. By Defendant's failure to pay Plaintiff overtime wages in the succeeding pay periods after the overtime was earned, Defendant willfully violated the PWPCL.

52. Due to the Defendant's violations of the PWPCL, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest. *See* 43Pa.Stat.Ann. §§ 260.9(a)(b), 260.10.

## COUNT IV

## BREACH OF CONTRACT

53. Plaintiffs incorporate by reference the allegations asserted in paragraphs 1 through 52, as though fully set forth herein.

54. Defendant, by and through Hartzell, agreed to pay Plaintiff overtime wages at one and a half times (1½) his regular rate of pay (overtime premium of $45.00) for all hours worked over 8 hours per day.

55. Defendant failed to pay Plaintiff the agreed overtime.

56. Defendant, by and through Hartzeli, agreed to pay Plaintiff $68.00 per pay to purchase health insurance benefits outside of Defendant. Plaintiff is owed $2,615.00 in unpaid benefits.

57. For all relevant times, Defendant failed to pay Plaintiff the agreed health insurance benefit.

58. Defendant failed to pay Plaintiff $24,108.35 in overtime wages for hours worked over 8 hours per day and over 40 hours per week.

## COUNT V

## RETALIATION – WRONGFUL TERMINATION

59. Plaintiffs incorporate by reference the allegations asserted in paragraphs 1 through 58, as though fully set forth herein.

60. Plaintiff repeatedly complained to Hartzell and Chris Noble, General Manager regarding Defendants failure to properly pay Plaintiff overtime earned and health insurance benefits. Plaintiff's most recent complaints occurred in November 2020.

61. Noble scheduled a meeting to occur between Plaintiff and Hartzell to discuss the complaints on December 4, 2020. The meeting was canceled by Hartzell.

62. Plaintiff was informed by Noble that the December 4, 2020 meeting was rescheduled to occur on December 11, 2020.

63. On December 11, 2020, Noble met with Plaintiff and terminated his employment as instructed by Hartzell.

64. Defendant's action was willful and intentional.

65. Plaintiff believes Hartzell intentionally terminated Plaintiff from his employment as a result of Plaintiff's complaints regarding failure to properly pay overtime and health insurance benefits.

66. Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

## **PRAYER FOR RELIEF**

Plaintiff request that this Honorable Court provide the following relief:

1. Exercise jurisdiction over this matter;

2. Order Defendant to reimburse Plaintiff for all salary and benefits lost by him as a result of Defendant's actions, and in an amount in excess of $75,000.00, including but not limited to front pay, back pay, and compensatory damages;

3. Award Plaintiff punitive damages;

4. Award Plaintiff actual damages for unpaid wages and liquidated damages equal to the unpaid wages found due to Plaintiff as provided by the FLSA, 29 U.S.C. § 216(b).

5. Award Plaintiff actual damages for unpaid wages and liquidated damages in the amount of twenty-five percent (25%) of the unpaid wages found due to Plaintiff as provided by the PMWA and the PWPCL, 43 Pa.Stat.Ann. § 260.10.

6. Award Plaintiff pre and post-judgment interest at the statutory rate as provided by the FLSA, 29 U.S.C. § 216(b), and pursuant to Pennsylvania law, 41 Pa.Stat.Ann. § 202.

7. Award Plaintiff attorney's fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b), and pursuant to the PMWA and the PWPCL, 43 Pa.Stat.Ann. § 260.9 (a), 333.113.

8. Award Plaintiff further legal and equitable relief as the Court deems necessary, just and proper.

Respectfully submitted,

*/s/ Peggy M. Morcom*
Peggy M. Morcom, Esquire
Attorney ID: 92463
Morcom Law, LLC
226 W. Chocolate Avenue
Hershey, PA 17033
pmorcom@morcomlaw.com
(717) 298-1907

Date: 9/21/2021

## VERIFICATION

The undersigned hereby verifies that the statements in the foregoing document are based upon information which has been furnished to counsel by me and information which has been gathered by counsel in the preparation of this lawsuit. The language of the foregoing document is that of counsel and not my own. I have read the foregoing document and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, I have relied upon my counsel in making this verification. The undersigned also understands that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Daniel A. Brosey

Date: 8/30/21