IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL A. BROSEY,** | : Civ. No. 21-CV-1632 |
| Plaintiff, | : |
| v. | : |
| **TREE SERVICE PROS, LLC** | : |
| **D/B/A TREE SERVICE PROS,** | : |
| Defendant. | : Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant Tree Service Pros, LLC's motion to dismiss the complaint for failure to state a claim. (Doc. 22.) For the reasons set forth below, the motion will be granted in part and denied in part.

### I.     BACKGROUND

This case arises from Tree Service Pros' alleged failure to pay Plaintiff Daniel A. Brosey overtime wages. The complaint alleges that from July 2019 until December 2020, Brosey was employed by Tree Service Pros, a Pennsylvania limited liability company that provides tree trimming services to residential and commercial customers within the Commonwealth, as a crew leader. (Doc. 1 ¶¶ 6–9.) According to the complaint, Tree Service Pros' owner, Lowell D. Hartzell, had agreed to pay Brosey $30 per hour in base wages and $45 per hour in overtime wages for all hours worked after eight hours per day. (*Id.* ¶¶ 10–11.) Despite the agreement, Brosey avers, Tree Service Pros failed to pay him any overtime wages whatsoever during

his employment, even though he worked more than eight hours per day throughout his time with the company. (*Id*. ¶¶ 12–13, 17–19.)

Brosey initiated this action in September 2021. The complaint asserts claims for breach of contract, wrongful termination, and statutory violations for failure to pay wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Minimum Wage Act ("MWA"), 43 Pa. Stat. Ann. §§ 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. § 2601.1, *et seq.* (Doc. 1.) Tree Service Pros has filed a motion to dismiss the complaint for failure to state a claim. (Doc. 22.) The motion has been fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In*

*re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

Tree Service Pros' motion argues that each of Brosey's claims should be dismissed for failure to state a claim. To state a claim for breach of contract under Pennsylvania law, the plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)). In order

to plead breach, the plaintiff must allege facts establishing a violation of a contractual duty, and in doing so, must identify the specific obligation that was allegedly breached. *See Hart v. Univ. of Scranton*, 838 F. Supp. 2d 324, 327–28 (M.D. Pa. 2011).

Where a contract exists between the employee and employer, the WPCL provides a private right of action for any employee that is owed wages, fringe benefits, or wage supplements under the contract. *See* 43 Pa. Stat. Ann. §§ 260.3(a), 260.9a; *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997). As such, a prerequisite for relief under the WPCL is the existence of a contract between the employee and employer that sets forth the parties' agreement as to wages. *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 733 (M.D. Pa. 2007) (Rambo, J.) (citing *Mavrinac v. Emergency Med. Ass'n of Pittsburgh,* No. 2-CV-1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005); *Weldon v. Kraft Inc.,* 896 F.2d 793, 801 (3d Cir. 1990); *Harding v. Duquesne Light Co.,* 882 F. Supp. 422, 427–28 (W.D. Pa. 1995)).

Here, Brosey's complaint contains adequate facts to support his claims for breach of contract and violation of the WPCL. The complaint alleges the existence of a contract, with mutual assent and terms "sufficiently definite to be specifically enforced," by averring that Tree Service Pros' owner agreed to employ Brosey as a crew leader, compensate Brosey with a specific base hourly rate, and pay Brosey a

particular overtime rate for all hours worked after eight hours per day. *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998) (citing *Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986); *Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 516 (Pa. Super. 1995)); *see also Pleickhardt v. Major Motors of Pennsylvania, Inc.*, No. 3:17-CV-0375, 2017 WL 4180112, at *5 (M.D. Pa. Sept. 21, 2017). It alleges breach and resulting damages by contending that between August 2019 and December 11, 2020, Brosey worked in excess of eight hours per day and forty hours per week but never received any of the overtime wages that Tree Service Pros agreed to pay him, which totaled approximately $24,108.35. (*See* Doc. 1 ¶ 54, 58.) These averments demonstrate a plausible entitlement to relief on Brosey's claim for breach of contract, and because the claim concerns an employer's breach of a contractual obligation to pay earned wages, the allegations are also sufficient to state a claim for violation of the WPCL.

The same is true with respect to Brosey's statutory claims for failure to pay overtime. Under the FLSA and MWA, an employer must pay its employees a specified minimum-wage per hour and one and one-half times the employee's regular wage for all hours worked in excess of forty hours per week. 29 U.S.C. §§ 206-207; 43 Pa. Stat. Ann. § 333.104(c); *see Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242 (3d Cir. 2013) ("The FLSA establishes federal minimum-

wage, maximum-hour, and overtime guarantees that cannot be modified by contract.") (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). The FLSA and MWA substantially parallel one another, and as such, federal courts apply the same standards in evaluating claims asserted under either statute. *See Pleickhardt*, 2017 WL 4180112, at *3; *Jochim v. Jean Madeline Educ. Ctr. of Cosmetology, Inc.*, No. 13-CV-6564, 2014 WL 12606156, at *4 (E.D. Pa. July 30, 2014) ("The Pennsylvania MWA parallels the FLSA, and we apply the same standards in considering claims brought under the Acts[.]") (citing *Baum v. Astrazeneca LP*, 372 Fed. Appx. 246, 248-49 (3d Cir. 2010); *Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 560 (E.D. Pa. 2013)).

As with Brosey's claims based on contract, the complaint alleges that Tree Service Pros violated the FLSA and MWA by failing to pay Brosey one and one-half times his wages for overtime work. According to the complaint, Brosey "regularly" worked more than forty hours per week during his seventeen-month tenure with Tree Service Pros, but the company failed to pay him one and one-half times wages on each such occasion. (*Id.* ¶ 23, 35.) These allegations satisfy the standard for pleading overtime claims under the FLSA and MWA, which does not require a plaintiff to specify exact dates on which overtime was worked, or even approximate the number of hours for which overtime wages are owed. *See Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014). The Third Circuit has

made clear that a claim for failure to pay overtime need only allege sufficient factual content to support a reasonable inference that the plaintiff worked some amount of uncompensated time in excess of a given forty-hour work week, and Brosey's complaint satisfies this standard by characterizing the frequency with which he worked overtime and the regularity with which Tree Service Pros refused to properly compensate him for such work. *See id.* ("[A] plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice."). The complaint also specifies the particular dollar amount that Brosey is purportedly owed in contractual overtime wages, and while that figure ostensibly includes some wages not covered under statute, its estimation provides a modicum of additional notice regarding the nature of Brosey's FLSA and MWA claims and reinforces the inference that Brosey indeed did work more than forty hours in a given work week without receiving overtime pay. (Doc. 1 ¶ 58.) Brosey's allegations are therefore sufficient to state claims for failure to pay overtime under the FLSA and MWA.

With respect to Brosey's wrongful discharge claim, however, the complaint falls short. In Pennsylvania, "an employer may terminate an employee without cause provided that 'the dictates of public policy,' contract, or a statutory provision do not prohibit such termination." *Gillispie v. RegionalCare Hosp. Partners Inc.*, 892 F.3d

585, 597 (3d Cir. 2018) (quoting *Spierling v. First Am. Home Health Servs., Inc.*, 737 A.2d 1250, 1253 (Pa. 1999)). An exception exists "only in the most limited of circumstances where the termination implicates a clear mandate of public policy in this Commonwealth." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000). "[T]he employee must point to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision." *Hunger v. Grand Central Sanitation*, 670 A.2d 173, 175 (Pa. Super. 1996).

Courts interpreting Pennsylvania law have found exceptions to at-will employment in cases where an employee is terminated for filing a worker's compensation claim, *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998); refusing to discourage a subordinate from seeking worker's compensation, *Rothrock v. Rothrock Motor Sales, Inc.*, 883 A.2d 511 (Pa. 2005); refusing to submit an unlawful polygraph test, *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir. 1979); filing a claim for unemployment benefits, *Highhouse v. Avery Transp.*, 660 A.2d 1374, 1378 (Pa. Super. 1995); reporting mishandling of radiation to the Nuclear Regulatory Commission as required by statute, *Field v. Phila. Electric Co.*, 565 A.2d 1170 (Pa. Super. 1989); serving on a jury, *Reuther v. Fowler & Williams, Inc.*, 386 A.2d 119 (Pa. Super. 1978); refusing to serve alcohol to an intoxicated customer as prohibited by statute, *Woodson v. AMF Leisureland Centers, Inc.*, 842 F.2d 699,

701–02 (3d Cir. 1988); and refusing to participate in an employer's lobbying activities, *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3d Cir. 1983).

Here, the complaint fails to state a claim for wrongful discharge because, as a majority of courts to address the issue have held, an employee's claim that he was retaliated against for complaining about his employer's failure to pay earned wages does not implicate a clear mandate of public policy in the Commonwealth. The complaint avers that Tree Service Pros wrongfully terminated Brosey after he complained to the company about its refusal to pay him earned overtime wages, ostensibly in violation of the minimum wage and anti-retaliation policies enshrined in the FLSA, the WPCL, and the MWA. (*See* Doc. 1 ¶ 65; Doc. 24 p. 20.) Brosey plainly does not allege facts to support any of the recognized exceptions to at-will employment however, and courts interpreting Pennsylvania law have repeatedly rejected wrongful discharge claims that arise from an employer's retaliation over earned wage complaints and other compensation disputes. *See H & R Block E. Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 253 (Pa. Super. 2013) (affirming dismissal of wrongful discharge claim where the plaintiff alleged she was terminated due to her employer's determination to avoid paying her earned overtime wages in violation of the WPCL); *Booth v. McDonnell Douglas Truck Servs., Inc.*, 585 A.2d 24, 29 (Pa. Super. 1991) ("We refuse to hold that an employer who exercises th[e] right [to discharge employees at will] because of a dispute over compensation due the

employee is liable for wrongful discharge.") *appeal denied*, 597 A.2d 1150 (Pa. 1991); *Pleickhardt*, 2017 WL 4180112, at *5 (dismissing wrongful discharge claim where employee alleged he was terminated for refusing to comply with his employer's unlawful request to repay wages); *Pease v. Techs.*, No. 15-CV-3586, 2016 WL 705240, at *8 (E.D. Pa. Feb. 23, 2016) ("Plaintiff is alleging that Defendant terminated him with the intent to avoid paying him his earned bonus, contending that the public policy was set forth in the WPCL. As noted, courts have specifically held that the use of this law does not rise to the level of a clearly established public policy."); *Janis v. La-Z-Boy Furniture Galleries*, No. 05-CV-2410, 2006 WL 724157, at *8 (E.D. Pa. Mar. 17, 2006) ("The Court finds that Pennsylvania does not recognize a public policy exception to the general rule that at-will employees cannot bring claims for wrongful discharge where an employee is terminated for arguing with his manager about the amount of commissions he is owed."); *Donaldson v. Informatica Corp.*, 792 F. Supp. 2d 850, 860 (W.D. Pa. 2011) ("Given the opinion of the Pennsylvania Superior Court in *Booth*, as well as numerous federal district court and other state court opinions suggesting that the public policy exception to at-will employment does not extend to wage payment-related retaliatory discharge claims, I simply cannot find the unanimity of opinion required to find a clear mandate of public policy under Pennsylvania law."); *Greishaw v. Base Mfg.*, No. 06-CV-184, 2008 WL 509077, at *5 (W.D. Pa. Feb. 21,

2008) (dismissing wrongful discharge claim where employee alleged he was terminated for complaining about his employer's failure to comply with the WPCL). No clear mandate of public policy exists in these circumstances to displace the presumption of at-will employment. Brosey's claim for wrongful discharge will therefore be dismissed with prejudice.[1]

## IV. CONCLUSION

For the reasons set forth above, Defendant Tree Service Pros LLC's motion to dismiss the complaint will be granted in part and Plaintiff Daniel A. Brosey's claim for wrongful discharge will be dismissed with prejudice.

Dated: July 27, 2022

*/s/ Sylvia H. Rambo*
Sylvia H. Rambo
United States District Judge

---

[1] The existence of a statutory remedy under the FLSA also precludes Brosey's claim for wrongful discharge. *See Preobrazhenskaya v. Mercy Hall Infirmary*, 71 F. App'x 936, 941 (3d Cir. 2003) ("Pennsylvania law does not recognize a common law cause of action for violating public policy when there is a statutory remedy."). In his opposition brief, Brosey concedes that a statutory remedy exists for his wrongful discharge claim by arguing, at length, that Tree Service Pros violated the FLSA's anti-retaliation provisions. *See Gillispie*, 892 F.3d at 597 (3d Cir. 2018) ("'[T]he availability of a statutory remedy precludes other common law remedies even where the statute is not invoked.' Although Gillispie's wrongful discharge claims are cloaked in the rhetoric of public policy, they are clearly prohibited as common law claims for violation of public policy because she could have brought them under [statute].") (quoting *Wolk v. Saks Fifth Ave. Inc.*, 728 F.2d 221, 224 n.3 (3d Cir. 1984) (brackets omitted)).